# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 CHRISTOPHER T. BURKS**
**United States Army, Appellant**

ARMY 20111177

Headquarters, III Corps and Fort Hood
James Varley and Jeffrey Hart, Military Judges
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate (pretrial and addendum)
Colonel Stuart W. Risch, Staff Judge Advocate (recommendation)

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain J. Fred Ingram, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA (on brief).

28 January 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of wrongful use of marijuana and one specification of wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, forfeiture of $978.00 per month for ten months, and reduction to the grade of E-1.  In accordance with the terms of a pretrial agreement, the convening authority approved eight months confinement and the remainder of the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  Appellant asserts excessive post-trial delay warrants relief and personally raises matters

pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have considered the record of trial, appellant's assignment of error, the government's answer, and the matters raised pursuant to *Grostefon*. Though we do not find any actual prejudice to appellant, we agree with appellant that the unexplained and excessive post-trial delay in the process of this case warrants relief.

Here, the government brought appellant to trial, at a special court-martial, eight and a half months after his return from an unauthorized absence of more than thirty-five months. He pled guilty to three of the four specifications alleged. The government did not try to prove the fourth specification referred. The trial transcript is eighty-two pages. Time between sentence and action in this case was 232 days. Neither the convening authority nor the Staff Judge Advocate included any explanation for the time required to complete the post-trial processing in this case and nothing in the record establishes any delay on the part of appellant. The length of this processing time without explanation, let alone justification, warrants relief under the particular circumstances of this case. UCMJ art. 66(c); *see United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006) (creating a 120-day presumption of unreasonable delay); s*ee generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, and in light of the government's failure to provide reasons for excessive post-trial processing time, along with the particular circumstances of this case, we find a reduction of one month in the sentence appropriate.

Therefore, on consideration of the entire record, the assigned error, and matters raised pursuant to *United States v. Grostefon*, 12 M.J. at 431, we find the findings of guilty correct in law and fact, and they are affirmed. However, in light of our reasons above, we find that, in relation to appellant's approved sentence to eight months confinement, only seven months should be approved. Therefore, the court approves only so much of the sentence as provides for a bad-conduct discharge, confinement for seven months, forfeiture of $978.00 per month for ten months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court